UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY CALHOUN,

                Plaintiff,

v.

REGINA HOOK,

                Defendant.

No. 08-5697 RJB/KLS

ORDER GRANTING DEFENDANT'S
MOTION TO STAY DISCOVERY

Before the Court is Defendants' motion to stay discovery pending the Court's resolution of Defendant's motion for judgment on the pleadings. Dkt. 18. For the reasons stated below, the Court finds that the motion should be granted.

**PROCEDURAL BACKGROUND**

In his First Amended Complaint, filed on March 25, 2009, Plaintiff alleges that in December 2005, his September 2005 Division of Access and Equal Opportunity Complaint alleging misconduct and abuse was dismissed and the investigator at fault was Regina Hook. Dkt. 9. On June 5, 2009, Plaintiff served numerous discovery requests on Defendant Hook. Dkt. 18, p. 1. On June 17, 2009, Defendant Regina Hook moved for dismissal based on res judicata and on qualified immunity. Dkt. 17. Defendant Hook argues that (1) she previously litigated this matter to a favorable conclusion in state court, (2) even if the prior judgment of dismissal did not exist, Plaintiff Calhoun has failed to state a cause of action under § 1983, and (3) Defendant Hook is entitled to qualified immunity. Id., pp. 2-3.

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

Also pending before the Court is Plaintiff's discovery motion, asking that the Court command a non-party, the Special Commitment Center to supply materials so that he may take Defendant Hook's deposition. (Dkt. 16)

**DISCUSSION**

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

Given the early stages of this litigation, a stay is warranted while the Court determines the threshold issues of whether Plaintiff's claims are barred by res judicata and/or the doctrine of res judicata.

Accordingly, all discovery in this matter shall be **STAYED** pending further order of this Court, including Plaintiff's motion to compel the SCC (Dkt. 16).

DATED this 28th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 2