UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY CALHOUN,<br><br>       Plaintiff,<br><br> v.<br><br>REGINA HOOK,<br><br>       Defendant. | No. C08-5697 RJB/KLS<br><br>ORDER DENYING MOTION TO REVOKE IN FORMA PAUPERIS STATUS |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted *in forma pauperis* (IFP) status. (Dkt. 4). Before the Court is the motion of Defendant Regina Hook to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1914(e)(2)(A). Defendant contends that Mr. Calhoun's allegation of poverty in his "Affidavit in Support of Indigency" was materially false because Mr. Calhoun omitted income and assets of his marital community. Dkt. 20, p. 1. In addition or in the alternative, Defendant Hook moves for dismissal of Mr. Calhoun's case, arguing that Mr. Calhoun has filed a frivolous case that is clearly precluded by res judicata. Dkt. 20, p. 6. Defendant Hook has also filed a Motion for Judgment on the Pleadings on res judicata grounds.

ORDER - 1

Dkt. 17.[1] Mr. Calhoun filed an identical "Affidavit in Support of Indigency" in Case No. 08-5744 RJB/KLS.

Defendant Hook has also filed a notice, alerting the Court that the defendants in *Rickey Calhoun v. Richards, et al.*, Case No. C08-5151RBL/JKS, have moved to compel documents relevant to whether Mr. Calhoun was or is entitled to IFP status based on income of his marital community. There is no pending motion to revoke Mr. Calhoun's IFP status filed in that case.[2]

Having reviewed the motion and supporting declarations and exhibits (Dkts. 20-23), Plaintiff's response and supporting declarations (Dkt. 31), and Defendant's reply (Dkt. 33), the undersigned finds that Plaintiff's IFP status should not be revoked.[3]

## FACTS RELATING TO IFP APPLICATIONS

Plaintiff, Ricky Calhoun, is a civilly committed resident detained at the State of Wahsington Department of Social and Health Services' Special Commitment Center (SCC). Dkt. 31-2, pp. 5-6.

In 2008, Plaintiff Ricky Calhoun filed three IFP petitions in federal district court in the following cases: (1) Case No. C08-05101 RBL/JRC on February 12, 2008 (Dkt. 1 therein), (2)

---

[1] The court will address Defendant's motion to dismiss on *res judicata* grounds by separate report and recommendation.

[2] Plaintiff Calhoun also filed a "Notice to the Court of Possible Judge Shopping," (Dkt. 34), to which Defendant responded. Dkt. 35. Federal Rule of Civil Procedure 7(b) requires that a request for a court order should be made by filing a motion. The "Notice" to the Court filed by Plaintiff (Dkt. 34) is not the proper manner for bringing this motion to the Court's attention. The pleadings will remain in the file without further action by the Court. The Court is aware that Plaintiff has filed two other IFP applications in this Court and that the Defendants in Case No. C08-5101RBL filed a "Notice to Court," regarding Mr. Calhoun's IFP application. See Dkt. 122 therein. In that case, Defendants were similarly advised that the request for judicial notice was not the proper manner for bringing the issue to the Court's attention and that the Court would take no further action. Dkt. 129.

[3] Defendant Hook originally requested oral argument on this motion, but then withdrew her request after Mr. Calhoun responded and requested permission to participate in a telephonic hearing. Dkts. 24, 25 and 27. Mr. Calhoun requests that Defendant's attempt to withdraw her request for oral argument should be denied. Dkt. 29. However, unless otherwise ordered by the court, all motions will be decided by the court without oral argument. CR 7. Counsel shall not appear on the date the motion is noted unless directed by the court. *Id.* If a request for oral argument is granted, the clerk will notify the parties of the date and time for argument. *Id*. Having reviewed the parties' submissions, the Court finds that this matter may be decided without oral argument.

ORDER - 2

this case, Case No. C08-05697 RJB/KLS on November 17, and December 1, 2008 (Dkts. 1 and 3), and (3) Case No. C08-05744 RJB/KLS on December 9, 2008 (Dkt. 1 therein).

Plaintiff Ricky Calhoun is married to Mary Calhoun. Dkt. 21, Exh. A. Ricky and Mary Calhoun met in October 1989 and began discussing marriage and cohabitating in April or May of 1991. Dkt. 21, Exh. B (*Deposition of Mary Calhoun dated January 11, 2001*, pp. 7:10-14, 11:18-23, 12:17-22). According to Mrs. Calhoun, she and Mr. Calhoun planned to get married in December 1991, but because Mr. Calhoun was subsequently incarcerated on rape charges they were married on September 19, 1992. *Id.*, *see also* Dkt. 21, Exh. A. Mary and Rickey Calhoun lived together for eight months before they were married and before Mr. Calhoun was sent to prison, but have not lived together since they were married. Dkt. 31-2, p. 13.

Mary Calhoun states that she has been employed by Heritage Benefits, Inc. in Bellevue, Washington since 1992 as an office assistant. Dkt. 31-2, p. 13. In 2008, she earned approximately $35,000.00 before taxes; she has less than $100.00 in a savings account; owns a 9 year old car; and after rent ($1,050.00) electricity, phone, water, credit cards, food, gas and other expenses, she has "very little left over" at the end of the month. *Id*.

On January 18, 2008, Mr. Calhoun, through his attorney Michael Kahrs, agreed to settle a separate, public disclosure lawsuit, with the State of Washington for $1,500.00. Dkt. 22, Exh. A (citing Pierce County Case No. 06-2-10209-1). Mr. Calhoun signed the settlement agreement on January 29, 2008. *Id.*, Exh. B. Mr. Calhoun received $300.00 of the settlement funds in March 2008. Dkt. 31, p. 5; Dkt. 31-2, p. 1. His attorney, Michael C. Karhs issued a check for the $300.00 to Mary Calhoun; the remainder of the settlement went to pay attorney fees and costs, which were higher than the settlement amount. Dkt. 31-2, p. 1.

ORDER - 3

On November 17, 2008, Mr. Calhoun filed his application to proceed IFP in this case. Dkt. 1. Mr. Calhoun had previously filed a substantially identical application to proceed IFP on February 12, 2008 in Case No. C08-5105 RBL/JRC and had been granted IFP status. Dkts. 1,6. He subsequently filed a third, and substantially identical application to proceed IFP in Case No. 08-5744RJB/KLS and was granted leave to proceed IFP in that case. Dkts. 1, 3.

The application to proceed IFP asks the applicant to indicate whether he has received any money within the past twelve months from various sources. Dkt. 1, p. 1. In response, Mr. Calhoun indicated that he had received income from "other sources," and refers to his Affidavit. *Id.* In his Affidavit, Mr. Calhoun stated, in pertinent part:

> 4. I have not received any income from business, profession, or from self-employment, or in the form of rent payments, interests, dividends, or other source in the past twelve months.
>
> 5. I do not own any cash, checking or savings accounts.
> …
> 7. There is no one dependent upon me for support.
> …
> 9. I am married. My wife is employed; and she does not own real property or any other significant assets. I have never lived with my wife as husband and wife. Our marriage took place after I was incarcerated. My wife's assets, minimal as they are, should not be considered in determining my indigency.

Dkt. 1, p. 7.

Mr. Calhoun did not include the settlement received in Pierce County Case No. 06-2-10209-1 on January 29, 2008, nor did he mention his wife's annual salary of $35,000.00. Dkt. 1, p. 7. Mr. Calhoun states that at the time he filed the IFP application in February 2008 [Case No. C08-5105 RBL/JRC], he had not yet received his portion of the settlement fees ($300.00), which he received from Mr. Karhs in March of 2008. Dkt. 31, p. 5. Mr. Calhoun states that if he had received this money before he filed suit, he would have informed the Court even though receipt of the $300.00 would not have changed his IFP status.

ORDER - 4

**DISCUSSION**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. See 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.1999). Where the plaintiff is civilly committed and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court will waive the initial civil filing fee upon granting leave to proceed IFP. See *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir.2000).

The provisions of 28 U.S.C. § 1915(a)(1) state:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Despite the statute's use of the phrase "prisoner possesses," the affidavit requirement applies to all persons requesting leave to proceed IFP. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) citing *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Floyd v. United States Postal Serv.*, 105 F.3d 374, 275 (6th Cir. 1997).

The affidavit supporting an IFP motion is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.

If the court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2)(A). Section 1915(e) applies to all cases initiated under the IFP statute, filed by both prisoners and nonprisoners. *O'Brien v. United States Department of Justice*, 927 F.Supp. 382, 385 (D. Ariz. 1995), *aff'd mem.*, 76 F.3d 387 (9th Cir. 1996). "Flagrant misrepresentation" is the standard for rejection of an inaccurate but unperjured affidavit of poverty. *Adkins v. E.I. DuPont*, *supra*. This has been construed to mean that a minor inaccuracy should not be punished by denial of benefits when poverty can be established from the corrected affidavit. *Sturdevant v. Deer*, 69 F.R.D. 17 (E.D. Wis. 1975). For example, where there is no sign of bad faith or willful deceit and a party's unreported additional income would not have made the party ineligible for IFP status, dismissal of the case is inappropriate. *Acevedo v. Reid*, 653 F.Supp. 347 (S.D. N.Y. 1986).

The court may revoke a plaintiff's IFP status if it later determines that the plaintiff made false statements on his financial affidavit. *Cross v. General Motors Corp.*, 721 F.2d 1152 (9th Cir. 1983); *Camp v. Oliver*, 798 F.2d 434, 5 Fed. R. Serv. 3d 1426 (11th Cir. 1986).

It has been held that dismissal with prejudice is a drastic sanction to be applied only after lesser sanctions are considered and found inadequate. *Camp*, supra. Examples of such "lesser sanctions" include revoking the IFP status and requiring payment of a partial filing fee, allowing a reasonable time in which to pay the entire fee before dismissing the petition with prejudice or simply dismissing without prejudice. *Id.*

**1.     Wife's Earnings**

Mr. Calhoun does not deny that his wife earns approximately $35,000.00 per year. Rather, he argues that he filled out the application for IFP and did not leave out any information requested by the form. Dkt. 31-2, p. 7. Mr. Calhoun states that he informed the Court of his

ORDER - 6

wife's employment and requested that her minimal assets not be considered in determining his indigency because she has nothing except her job and an old car. Dkt. 31, p. 6. Plaintiff also argues that his wife's employment has never been considered in determining his poverty during the entire duration of his incarceration. *Id.* p. 9.

Defendant Hook argues that Washington is a community property state, where income and property acquired during the marriage belong to the marital community pursuant to Wash. Rev. Code § 26.26.010 - .030, and that Mary Calhoun's income alone would place a family of two above the poverty level.

Mr. Calhoun and his wife acknowledge that Mary Calhoun's annual gross income is $35,000.00 (or approximately $2,916.66 per month). Dkt. 31, p. 4; Dkt. 31-2, p. 13. However, out of this income, Mrs. Calhoun states that she pays rent in the amount of $1,050.00 per month, and has other expenses related to electricity, phone, water, credit cards, food, gas and other expenses. Dkt. 31-2, p. 13. Although the information provided as to household income and expenses is not precise, it appears that Mary Calhoun's income would, as argued by Defendant, place a family of two above the poverty threshold. The 2009 Federal Poverty Level Guidelines, as published in the Federal Register on January 23, 2009, show the poverty level for a family of two is no more than $14,570.00. Dkt. 21, Exhs. E. and F.[4] The court is also aware that while Mr. Calhoun remains civilly detained and he has all of his basic needs taken care of by the State of Washington.

---

[4] In determining what level of income constitutes poverty for the purpose of 28 U.S.C. § 1915(a)(1), prior cases have used the poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a measure. See *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir.2004); *Fiebelkorn v. U.S.*, 77 Ct. Cl. 59, 62 (2007).

ORDER - 7

Notwithstanding the poverty level guidelines, the undersigned does not find that Mr. Calhoun's representations as to his wife's income were made in an attempt to deliberately deceive the court. Indeed, the court-approved application form[5] used by Mr. Calhoun does not inquire as to the income of a plaintiff's spouse. Rather, it asks whether a plaintiff has received funds within the past 12 months from any source. Mr. Calhoun went a step further and provided the additional information that he is married, his wife is employed, that they have never lived together as husband and wife, and that his wife's assets are minimal.

The court does not find any sign of bad faith or willful deceit as to these representations. In addition, there is no evidence that Mr. Calhoun received any significant funds from his wife or any other sources in the twelve months immediately preceding the filing of his affidavit.[6]

**2.      $300.00 Settlement Funds**

Mr. Calhoun did not mention the settlement funds received in Pierce County Case No. 06-2-10209-1, although the application to proceed IFP asked him to indicate whether he had received any money in the past twelve months. Dkt. 1. Mr. Calhoun does not deny that he received settlement funds within the twelve month period immediately preceding the filing of his lawsuit, but states that by the time he filed his application in February 2008 in Case No. C08-5101 RBL/JRC, he had not yet received his portion of the settlement fees ($300.00). Dkt. 31, p. 5. The record reflects that Mr. Calhoun submitted his application to proceed IFP in this case on November 17 and December 1, 2008 (Dkts. 1 and 3). Therefore, the settlement of his lawsuit

---

[5] *See* In Forma Pauperis Application with consent form, http://www.wawd.uscourts.gov/ ReferenceMaterials/Forms.htm

[6] In support of her motion, Defendant Hook also states that while Mr. Calhoun was working at the SCC, he sent checks totaling $10,000.00 to Mary. Dkt. 20, p. 3. However, these checks were sent during 2002 to 2006 (See checks attached to Dkt. 23) and Mr. Calhoun has not been employed at the SCC for more than two years. Dkt. 31, p. 4; Dkt. 1, p. 1. It is unclear how the funds sent by Mr. Calhoun over two years ago, when he was employed at the SCC, is relevant to the *in forma pauperis* application filed in this case in November 2008.

ORDER - 8

and receipt of the $300.00 in March of 2008, was known to him. Mr. Calhoun states further that had he received this money before he filed suit, he would have informed the Court even though receipt of the money would not have changed his IFP status. Dkt. 31, p. 5.

The court agrees that had this information been known at the time it initially reviewed Mr. Calhoun's application, receipt of the $300.00 would not have affected the court's conclusion that Mr. Calhoun was entitled to proceed *in forma pauperis* as he had only $10.91 in his resident account. Dkt. 1, p. 6. There is also no evidence of bad faith or willful deceit so that the court finds that dismissal based on the unreported settlement funds is not warranted.

Accordingly, it is **ORDERED**:

(1) Defendant's motion to revoke Plaintiff's IFP status (Dkt. 20) is **DENIED**.

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 29th day of September, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9